IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ENCOMPASS INSURANCE COMPANY, | Civil Action No.: |
| Plaintiff, | *Electronically filed.* |
| v. | |
| STONE MANSION RESTAURANT, INCORPORATED, | |
| Defendant. | |

## NOTICE OF REMOVAL

TO: **THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**
c/o Robert V. Barth, Jr., Clerk of Court
Joseph F. Weis, Jr. U.S. Courthouse
700 Grant Street
Pittsburgh, PA 15219

1. STONE MANSION RESTAURANT, INCORPORATED ("Stone Mansion") is the Defendant in the civil action filed on or about January 23, 2017, in the Court of Common Pleas of Allegheny County, Pennsylvania at No. GD 17-001348. Pursuant to the provisions of Sections 1441 and 1446 of Title 28 of the United States Code, Defendant, Stone Mansion, removes this action to the United States District Court for the Western District of Pennsylvania, which is the judicial district in which the action is pending.

2. Plaintiff's Complaint alleges claims that properly invoke the diversity jurisdiction of this Court, 28 U.S.C. § 1332. Plaintiff's Complaint for Contribution alleges that Plaintiff, Encompass Insurance Company, is owed contribution from Stone Mansion in accordance with the Uniform Contribution Among Tortfeasors Act, 42 Pa. C.S.A. § 8324(c), as the result of Plaintiff's settlement of a claim by Helen Hoey against its insured, Patrick M. Connelly, Administrator of the Estate of Brian K. Viviani, Deceased, with respect to an automobile

accident occurring on March 20, 2011.  Plaintiff's claim for contribution is based on allegations that Stone Mansion unlawfully sold, furnished or otherwise provided alcohol to Brian Viviani while he was visibly intoxicated in violation of the Pennsylvania Liquor Code, 47 P.S. § 4-497, such that Mr. Vivianti caused a motor vehicle accident where Mr. Vivianti was killed and Ms. Hoey suffered significant injuries. A true and correct copy of Plaintiff's Complaint for Contribution, filed at No. GD. 17-001348 in the Court of Common Pleas of Allegheny County, Pennsylvania, is attached hereto as Exhibit "A."

3. Removal of this action from the Court of Common Pleas of Allegheny County, Pennsylvania to this Court is, therefore, proper under 28 U.S.C. § 1441(a) because this Court would have had original jurisdiction of the action under 28 U.S.C. § 1332 (Diversity of Citizenship Jurisdiction) had the action initially been filed in this Court.

4. Diversity of Citizenship Jurisdiction is properly invoked by Defendant, Stone Mansion, pursuant to 28 U.S.C. § 1332(a)(1) because:

    a. a plain reading of the Plaintiff's Complaint establishes that the matter in controversy exceeds the sum or value of Seventy-Five Thousand Dollars ($75,000.00), where Plaintiff expressly pleads that its settlement of the underlying lawsuit was for Six Hundred Thousand Dollars ($600,000.00). *See,* Complaint, Exhibit A at ¶ 35;

    b. this civil action is between citizens of different states as Plaintiff is a citizen of Illinois, and Stone Mansion is a citizen of Pennsylvania. *See,* Plaintiff's Complaint, Exhibit A at ¶ 1, 5 (establishing that Plaintiff is a citizen of Illinois and Stone Mansion is a Citizen of Pennsylvania); and

    c. Service of process as to Stone Mansion has not been effectuated in the Court of Common Pleas of Allegheny County, Pennsylvania. A copy of the docket from the state court proceedings in this matter as of the time of the filing of this Notice, which does not show service of process, is attached hereto and marked as Exhibit "B."

5. The provisions of 28 U.S.C. § 1441(b)(2), commonly referred to as "the forum defendant rule," are inapplicable to the instant matter because Stone Mansion, although a Pennsylvania citizen, has not been "properly joined and served" in the state court action. *See, e.g., Parker Hannifin Corp. v. Fed. Ins. Co.*, 23 F.Supp.3d 588, Civ. No. 13-1456 (W.D. Pa., 2014; Conti, C.J.) (denying a motion to remand because a "notice of removal was timely and the forum defendant rule does not apply to this case because plaintiffs failed to properly serve [the forum defendant] prior to the removal of this case to federal court.").

6. This Notice is timely under 28 U.S.C. § 1446(b) because the Plaintiff's Complaint in this action, which was filed on January 23, 2017 and has not been served on Stone Mansion. This Notice of Removal is filed within thirty (30) days of receipt of the Complaint and within one year of the commencement of the action, so that it is timely filed under 28 U.S.C. § 1446(b).

7. The undersigned counsel for Stone Mansion acknowledge that, prior to the filing of this action in the Court of Common Pleas of Allegheny County, Pennsylvania, an agreement[1] was made with Plaintiff's counsel whereby the undersigned counsel for Stone Mansion agreed to accept service of process on behalf of Stone Mansion. However, no agreement to waive federal jurisdiction was reached, nor discussed, and where, as here, federal jurisdiction may properly be invoked prior to accepting service, Stone Mansion properly invokes the jurisdiction of this Honorable Court. Through the filing of this Notice, service of process is accepted and/or waived, and the undersigned counsel will provide the requisite acceptance of service form to Plaintiff's counsel following the filing of this Notice.

8. Pursuant to the provisions of 28 U.S.C. § 1446(a), Defendant attaches to this notice and incorporates by reference a copy of the following papers, which are all the process,

---

[1] Under Pa. R.Civ.P. 402(b), a party may accept service of original process "by filing a separate document" in the form required under the Rule.

pleadings, and orders available on the state court docket (as Stone Mansion has not been served with process) prior to its removal of this action: Complaint for Contribution, attached hereto as Exhibit A.

9. Pursuant to the provisions of 28 U.S.C. § 1446(d), a copy of this Notice has been served on the Plaintiff and a copy of this Notice has been filed with the Department of Court Records for the Court of Common Pleas of Allegheny County, Pennsylvania.

10. In asserting the basis for Diversity of Citizenship Jurisdiction pursuant to 28 U.S.C. § 1332(a)(1), Stone Mansion does not concede any of the allegations in Plaintiff's Complaint for Contribution.

Date: January 26, 2017                              Respectfully Submitted,

**JURY TRIAL DEMANDED**                    **MARGOLIS EDELSTEIN**

  /s/ *Miles A. Kirshner*
MILES A. KIRSHNER, ESQUIRE
PA I.D. No.: 46426
mkirshner@margolisedelstein.com

  /s/ *Kyle T. McGee*
KYLE T. McGEE, ESQUIRE
PA I.D. No.: 205661
kmcgee@margolisedelstein.com

525 William Penn Place, Suite 3300
Pittsburgh, PA 15219
(412) 281-4256
(412) 642-2380 (fax)
*Counsel for Defendant, Stone Mansion Restaurant, Incorporated*

## CERTIFICATE OF SERVICE

**AND NOW**, this 26th day of January, 2017, I hereby certify that a true and correct copy of the foregoing *Notice of Removal* has been served upon the following counsel of record by First Class U.S. mail, postage prepaid, and e-mail:

R. Sean O'Connell, Esq.
Joshua Guthridge, Esq.
Robb Leonard Mulvihill LLP
BNY Mellon Center
500 Grant Street, Suite 2300
Pittsburgh, PA 15219
SOConnell@rlmlawfirm.com
JGuthridge@rlmlawfirm.com
*Counsel for Plaintiff, Encompass Insurance Company*

Date: January 26, 2017          Respectfully Submitted,

**JURY TRIAL DEMANDED**          **MARGOLIS EDELSTEIN**

  /s/ Miles A. Kirshner
MILES A. KIRSHNER, ESQUIRE
PA I.D. No.: 46426
mkirshner@margolisedelstein.com

  /s/ Kyle T. McGee
KYLE T. McGEE, ESQUIRE
PA I.D. No.: 205661
kmcgee@margolisedelstein.com

525 William Penn Place, Suite 3300
Pittsburgh, PA 15219
(412) 281-4256
(412) 642-2380 (fax)
*Counsel for Defendant, Stone Mansion Restaurant, Incorporated*