# EXHIBIT "A"

# Supreme Court of Pennsylvania
## Court of Common Pleas
### Civil Cover Sheet
ALLEGHENY _____ County

| For Prothonotary Use Only: | |
|---|---|
| Docket No: | *TIME STAMP* |

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

**SECTION A**

**Commencement of Action:**
- ☒ Complaint
- ☐ Writ of Summons
- ☐ Petition
- ☐ Transfer from Another Jurisdiction
- ☐ Declaration of Taking

| Lead Plaintiff's Name: | Lead Defendant's Name: |
|---|---|
| Encompass Insurance Company | Stone Mansion Restaurant Incorporated |

**Are money damages requested?** ☒ Yes ☐ No

**Dollar Amount Requested:** (check one)
- ☐ within arbitration limits
- ☒ outside arbitration limits

**Is this a *Class Action Suit*?** ☐ Yes ☒ No

**Is this an *MDJ Appeal*?** ☐ Yes ☒ No

Name of Plaintiff/Appellant's Attorney: R. Sean O'Connell, Esquire & Joshua R. Guthridge, Esquire

☐ **Check here if you have no attorney (are a Self-Represented [Pro Se] Litigant)**

**SECTION B**

**Nature of the Case:** Place an "X" to the left of the **ONE** case category that most accurately describes your **PRIMARY CASE.** If you are making more than one type of claim, check the one that you consider most important.

**TORT** *(do not include Mass Tort)*
- ☐ Intentional
- ☐ Malicious Prosecution
- ☐ Motor Vehicle
- ☐ Nuisance
- ☐ Premises Liability
- ☐ Product Liability *(does not include mass tort)*
- ☐ Slander/Libel/ Defamation
- ☐ Other: _____

**MASS TORT**
- ☐ Asbestos
- ☐ Tobacco
- ☐ Toxic Tort - DES
- ☐ Toxic Tort - Implant
- ☐ Toxic Waste
- ☐ Other: _____

**PROFESSIONAL LIABLITY**
- ☐ Dental
- ☐ Legal
- ☐ Medical
- ☐ Other Professional: _____

**CONTRACT** *(do not include Judgments)*
- ☐ Buyer Plaintiff
- ☐ Debt Collection: Credit Card
- ☐ Debt Collection: Other
- ☐ Employment Dispute: Discrimination
- ☐ Employment Dispute: Other
- ☐ Other: _____

**REAL PROPERTY**
- ☐ Ejectment
- ☐ Eminent Domain/Condemnation
- ☐ Ground Rent
- ☐ Landlord/Tenant Dispute
- ☐ Mortgage Foreclosure: Residential
- ☐ Mortgage Foreclosure: Commercial
- ☐ Partition
- ☐ Quiet Title
- ☐ Other: _____

**CIVIL APPEALS**
Administrative Agencies
- ☐ Board of Assessment
- ☐ Board of Elections
- ☐ Dept. of Transportation
- ☐ Statutory Appeal: Other
- ☐ Zoning Board
- ☐ Other: _____

**MISCELLANEOUS**
- ☐ Common Law/Statutory Arbitration
- ☐ Declaratory Judgment
- ☐ Mandamus
- ☐ Non-Domestic Relations Restraining Order
- ☐ Quo Warranto
- ☐ Replevin
- ☒ Other: Contribution

*Updated 1/1/2011*

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

ENCOMPASS INSURANCE COMPANY,

CIVIL DIVISION

          Plaintiff,

No.

   v.

**COMPLAINT FOR CONTRIBUTION**

STONE MANSION RESTAURANT,
INCORPORATED,

Filed on Behalf of Plaintiff

          Defendant.

Counsel of Record for This Party:

R. Sean O'Connell, Esquire
PA I.D.#79428

Joshua Guthridge, Esquire
PA I.D.#306623

ROBB LEONARD MULVIHILL LLP
Firm #249
BNY Mellon Center
500 Grant Street, Suite 2300
Pittsburgh, PA 15219

<u>JURY TRIAL DEMANDED</u>.

Telephone:   (412) 281-5431
Facsimile:   (412) 281-3711

{R0645270.1 }

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

ENCOMPASS INSURANCE COMPANY,

                Plaintiff,

      v.

STONE MANSION RESTAURANT,
INCORPORATED,

            Defendant.

CIVIL DIVISION

No.

## NOTICE TO DEFEND

      You have been sued in court.  If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you.  You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the Complaint or for any claim or relief requested by the plaintiff.  You may lose money or property or other rights important to you.

      YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE OR KNOW A LAWYER, THEN YOU SHOULD GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET HELP.

      IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

Lawyer Referral Service
Allegheny County Bar Association
3rd Floor Koppers Building
436 Seventh Avenue
Pittsburgh, PA 15219
Telephone: (412) 261-5555
www.acbalrs.org

{R0645270.1 }

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

ENCOMPASS INSURANCE COMPANY,

Plaintiff,

v.

STONE MANSION RESTAURANT,
INCORPORATED,

Defendant.

CIVIL DIVISION

No.

## COMPLAINT FOR CONTRIBUTION

AND NOW, comes the Plaintiff, Encompass Insurance Company of America, by and through its attorneys, Robb Leonard Mulvihill, LLP, R. Sean O'Connell, and Joshua R. Guthridge, Esquire, and files the following Complaint for Contribution.

## PARTIES

1.     Plaintiff, Encompass Insurance Company of America (hereinafter "Encompass") is a corporation organized and existing under the law of the State of Illinois with its principal place of business located in Northbrook, Illinois and is duly authorized to issue policies of insurance in the Commonwealth of Pennsylvania.

2.     As set forth in detail below, Encompass made payments on behalf of Patrick M. Connelly, Administrator of the Estate of Brian K. Viviani, deceased ("Viviani's Estate") as a result of an automobile accident on March 20, 2011 and discharged all joint tortfeasors' liability for the accident. As such, Encompass stands in the shoes of Viviani's Estate for the purpose of this contribution action.

3.     Pa.R.C.P. 2002(d) permits an insurance company to elect to bring suit either in its own name or in the name of its insured against a third-party when the insurance company is the real party in interest.

4.     Encompass is the real party in interest in this contribution action as it made the settlement payments on behalf of Viviani's Estate that discharged the liability of all joint tortfeasors with respect to the March 20, 2011 accident.

5.     Defendant, the Stone Mansion Restaurant, Incorporated (the "Stone Mansion") is a Pennsylvania Corporation with an address of 300 Arcadia Court, 9370 McKnight Road, Pittsburgh Pennsylvania.

## VENUE

6.     Venue in this action is proper before this Honorable Court pursuant to Pa. R.C.P. 1006 in that Defendant has its principle place of business located in Allegheny County, Pennsylvania and the events that gave rise to this Complaint occurred in Allegheny County, Pennsylvania.

## FACTUAL BACKGROUND

### A.     The Stone Mansion's Liquor License

7.     At all times relevant to this action, the Stone Mansion operated a restaurant and bar at 1600 Stone Mansion Road, Franklin Park, Sewickley, Pennsylvania (the "Bar.")

8.     Based on information and belief, the Stone Mansion operated the Bar pursuant to a liquor license issued by the Pennsylvania Liquor Control Board at License No. R17074.

9.     At all times relevant, the Stone Mansion was a licensee pursuant to the Pennsylvania Liquor Code, 47 P.S. 4-491, et seq.

### B.     The Stone Mansion's Service of Alcohol to Viviani

10.     On March 20, 2011, the Stone Mansion rented, leased, or otherwise permitted Helen Hoey ("Hoey") to use the Bar for the purpose of having a party, promotion, and photoshoot (the "Party.")

11.     At the Party, the Stone Mansion sold, furnished, or otherwise gave liquor, malt, and/or brewed beverages ("alcohol") to patrons of the Party.

12.     Bryan K. Viviani ("Viviani") was a patron at the Stone Mansion for the Party on March 20, 2011.

13.     Viviani was sold, furnished, or otherwise provided alcohol by employees, servants, and agents of the Stone Mansion until he became intoxicated and, continuing thereafter while he was visibly intoxicated.

14.     After Viviani was sold, furnished, or otherwise given alcohol by employees, servants, and agents of the Stone Mansion while he was visibly intoxicated, he operated a 2005 Audi A4 motor vehicle bearing Pennsylvania Registration HJP-6079 owned by Ernest Simon ("Simon") with Hoey as a front-seat passenger.

15.     Viviani did not consume any alcohol that was sold, furnished, or otherwise given to him by anyone other than the Stone Mansion while at the Party.

16.     Viviani did not consume any alcohol after he left the Stone Mansion.

17.     Under Pennsylvania's Dram Shop law, a business or individual who serves alcohol to a visibly intoxicated person is legally responsible for any damage that person might cause.  47 P.S. §4-497.

### C.     The Accident

18.     Due solely to the alcohol that was sold, furnished, or otherwise given to Viviani by the employees, servants, and agents of Stone Mansion, Viviani was unable to appreciate that he was unfit to operate an automobile.

19.     At or about 12:33 a.m. on March 21, 2011, due to his intoxication, Viviani caused the Audi A4 he was operating to strike a guardrail at or near the 2400 block of Wexford Run

Road, Pittsburgh, Allegheny County, Pennsylvania, causing the vehicle to flip and land on its roof in Pine Creek (the "accident")

20.     Viviani died as a result of injuries he sustained in the accident.

21.     Viviani's autopsy revealed that at the time of his death he had 0.177% ethanol in his blood, 0.248% in the urine, and 0.206% in the vitreous fluid.

22.     Hoey suffered various injuries and damages as a result of the accident as more fully set forth in the Complaint filed in the Allegheny County Court of Common Pleas at Docket No. GD-13-004849.  (*see* Hoey Complaint, **Exhibit A.**)

### D.     The Policy

23.     At all relevant times, Ernest and Kimberly Simon (the "Simons") were named insureds on a USP Elite Package Insurance Policy, Policy No. 170342806 (the "Policy,") issued by Encompass to the Simons.

24.     Subject to contractual conditions stated within it, the Policy provided automobile insurance coverage to the Simons.

25.     Subject to certain contractual conditions stated within it, the Policy provided insurance coverage for the 2005 Audi A4 bearing Pennsylvania Registration HJP-6079 that was involved in the accident on March 21, 2011.

### E.     The Underlying Lawsuit

26.     On July 25, 2013, Hoey filed a civil Complaint against Viviani's Estate in the Court of Common Pleas of Allegheny County, Pennsylvania at Docket No. 13-004894. (**Exhibit A.**)

27.     In the Complaint, Hoey alleged, *inter alia*, that the accident was caused by the intoxication of Viviani.

28.     Hoey further alleged that she suffered various injuries and damages in the accident on March 21, 2011.

29.     Viviani's Estate tendered the defense to Encompass.

30.     Encompass retained Robb Leonard Mulvihill, LLP to defend Viviani's Estate against the civil lawsuit brought by Hoey.

31.     Upon learning that the Stone Mansion was a joint tortfeasor that had served Viviani until he became intoxicated and, continuing thereafter while visibly intoxicated, counsel for Viviani's Estate filed a Motion to Join the Stone Mansion to the lawsuit filed by Hoey on September 19, 2014.

32.     Judge Wettick denied the Motion to Join the Stone Mansion on September 22, 2014.

33.     Hoey's case against the Viviani's Estate was scheduled for trial to commence on January 24, 2017.

34.     On October 19, 2016, Encompass settled Hoey's lawsuit on behalf of Viviani's Estate.

35.     In exchange for the payment of $600,000, a fraction of the damages alleged in the lawsuit, Hoey released, acquitted, and forever discharged all parties potentially responsible for the accident, including the Stone Mansion.  (Release Agreement, **Exhibit B.**)

36.     Because it made payment on behalf of Viviani's Estate to discharge all parties' liability to Hoey, including the Stone Mansion's liability, Encompass stands in the shoes of Viviani's Estate for purposes of this contribution action.

## COUNT I:  Claim for Contribution

### *Encompass Insurance Company v. the Stone Mansion Restaurant, Incorporated.*

37.    Plaintiff incorporates herein by reference all proceeding paragraphs of this Complaint as if fully set forth hereinafter.

38.    On March 21, 2011, the Stone Mansion owed a duty to Hoey to not sell, furnish, or give alcohol to Viviani while he was visibly intoxicated.

39.    In direct violation of its duty, the Stone Mansion sold, furnished, or otherwise provided alcohol to Viviani until he became intoxicated and, continuing thereafter while he was visibly intoxicated.

40.    The Stone Mansion was negligent, careless, and reckless in breaching the obligations it owed to Hoey to not serve Viviani alcohol while he was visibly intoxicated.

41.    The Stone Mansion's negligence, gross negligence, carelessness, and recklessness consisted of the following acts and omissions:

    a.    Violating the statutes and laws of the Commonwealth of Pennsylvania, including, but not limited to, the Pennsylvania Dram Shop Act, 47 P.S. §4-493, §4-493(1), and §4-497;

    b.    Failing to properly train its employees, servants, or agents to recognize the signs of alcohol intoxication;

    c.    Failing to establish, monitor, and administer training, programs, and operating procedures designed to identify and assist visibly intoxicated patrons such as those model programs set forth in Pennsylvania Statute, 47 P.S. § 471.1

    d.    Having a policy and practice of continuing to serve persons without adequately checking to see whether the person was in fact intoxicated or, exhibited signs of visible intoxication;

    e.    Failing to have and enforce policies and practices which include drink cut-off limits for alcoholic beverages;

f.   Failing to have and enforce policies and practices which include a time limit so that its alcohol service personnel and managers would not serve alcohol to patrons after they had been drinking alcohol for a defined period of time;

g.   Having a policy and practice to encourage patrons to continue drinking alcohol after they became visibly intoxicated;

h.   Failing to have a policy or practice of helping intoxicated and visibly intoxicated patrons to sober up before exiting the Stone Mansion;

i.   Failing to have a policy or practice of helping intoxicated and visibly intoxicated patrons to reach their homes by providing transportation or by other means;

j.   Failing to have or enforce any policy or practice of disciplinary standards for its employees, servants, and agents regarding the sale of alcohol to visibly intoxicated patrons;

k.   Failing to have or enforce any policy or practice of proactively and effectively monitoring its employees, servants, and agents engaged in the service of alcohol;

l.   Tacitly approving its employees, servants, and agents of violating Pennsylvania law by selling and serving alcohol to patrons until they became intoxicated and, continuing thereafter to serve them alcohol while visibly intoxicated;

m.   Selling and continuing to sell alcohol to Viviani when he was in a visibly intoxicated condition;

n.   Failing to recognize the signs of intoxication exhibited by Viviani;

o.   Failing to detect that Viviani was in a visibly intoxicated and inebriated condition as a result of its continual service of alcohol to him;

p.   Failing to confiscate Viviani's car keys when it was apparent that he was visibly intoxicated;

q.   Failing to notify the police or other authorities that Viviani was driving an automobile while intoxicated due to its service of alcohol to Viviani;

r.   Failing to notify other patrons at the Stone Mansion not to accept a ride with Viviani; and

s.   Allowing Viviani to exit the Stone Mansion after became both intoxicated and visibly intoxicated.

42.     Pursuant to 47 P.S. §4-497, the Stone Mansion is negligent *per se* for serving Viviani alcohol after he was visibly intoxicated.

43.     By reason of the carelessness, negligence, recklessness and statutory violations of the Stone Mansion, Viviani was unfit to operate a motor vehicle.

44.     By reason of the carelessness, negligence, recklessness and statutory violations of the Stone Mansion, Viviani failed to appreciate that he was unfit to operate a motor vehicle.

45.     As the proximate result of the carelessness, negligence, recklessness and statutory violations of the Stone Mansion, Hoey sustained serious, debilitating, and life-altering injuries as more fully set forth in the Complaint filed by Hoey in the Allegheny County Court of Common Pleas at Docket No. GD-13-004849. **(Exhibit A.)**

46.     As defined by Pennsylvania law, a joint tortfeasor is two or more persons jointly or severally liable in tort for the same injury to persons or property, whether or not judgment has been recovered against all or some of them. 42 Pa. C.S.A. § 8322.

47.     Pursuant to Pennsylvania law, the Stone Mansion is severally liable for the accident that occurred on March 21, 2011 and as such the Stone Mansion is a joint tortfeasor with Viviani with respect to the accident that occurred on March 21, 2011.

48.     By reason of the carelessness, negligence, recklessness and statutory violations of the Stone Mansion, Encompass incurred the cost of defense of Viviani's Estate with respect to the civil lawsuit brought against Viviani's Estate by Hoey.

49.     Encompass settled the civil lawsuit brought by Hoey for a fraction of the total amount of her damages and caused her to release, acquit, and forever discharge all parties potentially responsible for the accident, including the Stone Mansion.

50.    As a matter of Pennsylvania Statutory law, "[t]he right of contribution exists among joint tort-feasors." 42 Pa. C.S.A. § 8324(a).

51.    Pennsylvania's Uniform Contribution Among Tortfeasors Act provides for contribution to a joint tortfeasor that settles with an injured party and extinguishes the liability of another joint tortfeasor. *Foster v. National Fuel Gas Co.*, 316 F.3d 424 (Pa. 2003); 42 Pa. C.S.A. § 8324(c).

52.    Pursuant to Pennsylvania Law, the Stone Mansion is responsible over to Encompass for its share of liability with respect to the accident that occurred on March 21, 2011.

WHEREFORE, Plaintiff, Encompass Insurance Company of America, respectfully requests judgment against the Stone Mansion, in the amount of the damages paid to settle the civil lawsuit brought by Helen Hoey plus the attorney's fees and costs incurred in obtaining the settlement in an amount exceeding thirty-five thousand dollars ($35,000.00).

**JURY TRIAL DEMANDED.**

Respectfully Submitted,

ROBB LEONARD MULVIHILL LLP

Date:_ 1/23/2017

Joshua R. Guthridge, Esquire
*Counsel for Plaintiff Encompass Insurance Company of America*

## VERIFICATION

I, JOYCE KALBACH, on behalf of Encompass Insurance Company of America verify subject to the penalties of Section 4904 of 18 Pa.C.S. §4904, relating to unsworn falsification to authorities, that the facts set forth in this Complaint for Contribution are true and correct to the best of my information, knowledge, and belief.

Date: 1/17/2017

Joyce Kalbach
Casualty Senior Consultant
*Encompass Insurance Company*

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

HELEN HOEY,

          Plaintiff,

vs.

DAVID C. BROWN, Administrator of the
ESTATE OF BRIAN K. VIVIANI, deceased,

          Defendant.

CIVIL DIVISION

No.: GD 13-4894

**COMPLAINT IN CIVIL ACTION**

Filed on Behalf of:
PLAINTIFF, Helen Hoey

Counsel of Record for this Party:

Gary J. Ogg, Esquire
Pa. I.D. #34515

David Kennedy Houck, Esquire
Pa. I.D. #202280

Eve M. Eisen, Esquire
Pa. I.D. #309653

**OGG, MURPHY & PERKOSKY, PC**
245 Fort Pitt Boulevard
Pittsburgh, PA 15222
412-471-8500

Firm I.D. #568

**JURY TRIAL DEMANDED**

FILED

2013 JUL 25  PM 4: 05

DEPT. OF COURT RECORDS
ALLEGHENY COUNTY SICH
＿＿＿＿＿＿＿＿



EXHIBIT

A

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

HELEN HOEY,                                    CIVIL DIVISION

        Plaintiff,                              No.: GD 13-4894

vs.

DAVID C. BROWN, Administrator of the
ESTATE OF BRIAN K. VIVIANI, deceased,

        Defendant.

## NOTICE TO DEFEND

You have been sued in Court.  If you wish to defend against the claims set forth in the following

pages, you must take action within twenty (20) days after this Complaint and Notice are served, by

entering a written appearance personally or by attorney, and filing in writing with the Court your defenses

or objections to the claims set forth against you.  You are warned that if you fail to do so, the case may

proceed with out you and a judgment may be entered against you by the Court without further notice for

any money claimed in the Complaint or for any claim or relief requested by the Plaintiff.  You may lose

money or property or other rights important to you.


        YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT
HAVE OR KNOW A LAWYER, THEN YOU SHOULD GO TO OR TELEPHONE THE OFFICE SET
FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP:


**LAWYER REFERRAL SERVICE**
**ALLEGHENY COUNTY BAR ASSOCIATION**
**920 CITY-COUNTY BUILDING**
**PITTSBURGH, PENNSYLVANIA 15219**
**(412) 261-5555**

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

HELEN HOEY,                                          CIVIL DIVISION

                Plaintiff,                           No.: GD 13-4894

        vs.

DAVID C. BROWN, Administrator of the
ESTATE OF BRIAN K. VIVIANI, deceased,

                Defendant.

## COMPLAINT IN CIVIL ACTION

        AND NOW, comes the Plaintiff, by and through undersigned counsel, and files the within

Complaint in Civil Action, and in support thereof avers as follows:

        1.      Plaintiff, Helen Hoey, is an adult individual maintaining an address at 626 Blackburn

Road, Sewickley, Allegheny County, PA 15143.

        2.      Defendant, David C. Brown, Administrator of the Estate of Brian K. Viviani, Deceased,

is an adult individual maintaining an address at 227 First Street, Aspinwall, Allegheny County,

Pennsylvania 15215.

        3.      The facts and occurrences stated below took place on March 21, 2011, at or around 12:33

a.m., at 2400 Wexford Run Road, Pittsburgh, Allegheny County, Pennsylvania.

        4.      At the above mentioned time and place, Plaintiff was riding as a passenger in the vehicle

owned, and/or co-owned by Ernest and Kimberly Simon.

        5.      At the above mentioned time and place, Plaintiff was riding as a passenger in the vehicle

operated by Brian K. Viviani.

        6.      Brian K. Viviani, Deceased, was operating a 2005 Audi A4 at a high rate of speed on

Wexford Run Road, in Pittsburgh, PA.

        7.      At the above mentioned time and place, and due to the negligence, carelessness and/or

recklessness of Brian K. Viviani, Deceased, the vehicle being operated by Brian K. Viviani struck a guard

rail on the left side of the roadway, causing the motor vehicle to flip and land on its roof in Pine Creek.

8       The negligence, carelessness, and/or recklessness of Brian K. Viviani, Deceased,

consisted of, but is not limited to:

a.      Failing to have the vehicle under proper and adequate control;

b.      Operating the vehicle at an excessive rate of speed under the circumstances;

c.      Failing to apply the brakes in time to avoid the accident;

d.      Negligently applying the brakes;

e.      Failing to observe with reasonable care the traffic, road conditions, and/or traffic controls;

f.      Failing to watch the road in front of his vehicle;

g.      Failing to avoid the accident by changing the direction of the vehicle;

h.      Operating the vehicle so as to be unable to stop within the assured clear distance ahead;

i.      Operating the vehicle in such a reckless, careless, and negligent manner so as to cause or allow the vehicle to run into, strike, and/or collide with the guardrail;

j.      Allowing his attention and gaze to be averted from the roadway in front of him;

k.      Continuing to operate the vehicle in a reckless and dangerous manner after losing control of the vehicle;

l.      Failing to stop or take appropriate action so that the collision would be avoided;

m.      Continuing to operate the vehicle in a direction when he saw, or in the exercise of reasonable care should have seen, that further operation in that direction could result in a collision;

n.      Failing to operate the vehicle in accordance with existing traffic controls and/or traffic conditions when he knew or should have known that such actions could result in an accident;

o.      Following traffic on the roadway in front of him too closely;

p.      Failing to exercise the high degree of care required of a motorist approaching an intersection;

q.      Failing to keep a proper lookout;

r.      Operating the vehicle so as to create a dangerous situation for his passenger in the vehicle, namely Helen Hoey;

s.   Failing to use due care and acting without due regard for the rights and safety of his passenger, namely Helen Hoey;

t.   Operating the vehicle in a manner not consistent with the road and weather conditions prevailing at the time;

u.   Operating the vehicle at a rate of speed so as to be unable to stop the vehicle before colliding with the guardrail;

v.   Operating a vehicle which he knew or should have known was in a defective condition;

w.   Operating a vehicle without keeping it in a proper state of repair;

x.   Failing to maintain the vehicle in a proper manner; and

y.   Violating the provisions of the Pennsylvania Motor Vehicle Code regulating the operation of motor vehicles.

9.   The subject accident was caused and/or contributed to by the negligence, carelessness, and/or recklessness of Brian K. Viviani, Deceased, and in no way was caused by the Plaintiff.

10.   Plaintiff Helen Hoey's injuries and damages were a direct and proximate result of the negligence, carelessness, and/or recklessness of Brian K. Viviani, Deceased, as set forth above.

11.   As a result of the aforementioned collision, Plaintiff Helen Hoey suffered severe injuries including but not limited to:

a.   Severe pain and discomfort in the head, including a traumatic brain injury, as well as a subarachnoid hemorrhage, a scalp laceration, a forehead hematoma and post concussion syndrome with symptoms including dizziness, headaches, memory loss, difficulty with concentration and vertigo;

b.   Severe injury to the head including a traumatic brain injury, as well as a subarachnoid hemorrhage, a scalp laceration, a forehead hematoma and post concussion syndrome with symptoms including dizziness, headaches, memory loss, difficulty with concentration and vertigo;

c.   Severe pain and discomfort to the face, including facial ecchymosis and contusions;

d.   Severe injury to the face, including facial ecchymosis and contusions;

e.   Severe pain and discomfort to the nose, including bilateral nasal and sinus fractures;

f.   Severe injury to the nose, including bilateral nasal and sinus fractures;

g.   Severe pain and discomfort to the upper extremity, including a sternal fracture;

h.   Severe injury to the upper extremity, including a sternal fracture;

i.   Severe pain and discomfort to the right shoulder, including a right clavicle fracture;

j.   Severe injury to the right shoulder, including a right clavicle fracture

k.   Severe pain and discomfort to the upper extremity, including left rib fractures;

l.   Severe injury to the upper extremity, including left rib fractures;

m.   Severe pain and discomfort to the upper extremity, including right rib fractures;

n.   Severe injury to the upper extremity, including right rib fractures;

o.   Severe pain and discomfort to her organs, including a hepatic laceration;

p.   Severe injury to her organs, including a hepatic laceration;

q.   Severe pain and discomfort to her organs, including a right pulmonary contusion;

r.   Severe injury to her organs, including a right pulmonary contusion;

s.   Severe pain and discomfort to the left arm, including a left humerus fracture;

t.   Severe injury to the left arm, including a left humerus fracture;

u.   Severe pain and discomfort to her back;

v.   Severe injury to her back;

w.   Severe pain and discomfort to the left leg, including a left tibial plateau fracture;

x.   Severe injury to the left leg, including a left tibial plateau fracture;

y.   Severe pain and discomfort to her upper extremity;

z.   Severe injury to her upper extremity;

aa.   Severe pain and discomfort to her lower extremity;

bb.   Severe injury to her lower extremity;

cc.   **Severe psychological problems, including, but not limited to, post traumatic stress disorder, acute stress, anxiety/depression and a sleeping disorder;**

dd.   Severe emotional distress and shock to her nerves and nervous system; and

ee.     Some or all of the above injuries may be permanent in nature.

12.     The actions of Brian K. Viviani, Deceased, in operating his vehicle while under the influence of alcohol were outrageous, reckless, willful, and/or wanton.

13.     The actions of Brian K. Viviani, Deceased in operating his vehicle in violation of 75 Pa.C.S.A. §3802 were outrageous, reckless, willful, and/or wanton.

14.     Defendant Brian K. Viviani, Deceased knew that driving while under the influence of alcohol would create a high degree of risk of physical harm to persons on the roadway, and Plaintiff Helen Hoey in particular.

15.     In conscious disregard, indifference, and/or reckless indifference to the aforesaid risk(s), Brian K. Viviani, Deceased, operated his vehicle in violation of 75 Pa.C.S.A. §3802.

16.     Furthermore, the actions of Brian K. Viviani, Deceased, in operating his vehicle while having his driving privileges in the Commonwealth of Pennsylvania suspended were negligent, outrageous, reckless, willful, and/or wanton.

17.     Brian K. Viviani, Deceased, knew that driving while having his driver's license suspended would create a high degree of risk of physical harm to persons on the roadway, and Plaintiff, Helen Hoey, in particular.

18.     In conscious disregard, indifference, and/or reckless indifference to the aforesaid risk(s), Brian K. Viviani, Deceased, drove his vehicle while under Suspension.

19.     The actions of Brian K. Viviani, Deceased, by disregarding the posted speed limit were negligent, outrageous, reckless, willful, and/or wanton.

20.     Brian K. Viviani, Deceased, knew that disregarding the posted speed limit would create a high degree of risk of physical harm to persons on the roadway, and Plaintiff, Helen Hoey, in particular.

21.     In conscious disregard, indifference, and/or reckless indifference to the aforesaid risk(s), Brian K. Viviani, Deceased, disregarded the posted speed limit and operated the motor vehicle at a high rate of speed.

22.     The actions of Brian K. Viviani, Deceased, were a direct and proximate cause of Plaintiff Helen Hoey's injuries and damages as set forth above; as such, Plaintiff seeks punitive damages.

23.     As a result of her injuries, Plaintiff, Helen Hoey, has undergone and continues to undergo great pain and suffering and inconvenience.

24.     As a result of his injuries, Plaintiff, Helen Hoey, may have suffered a permanent disability and permanent impairment of her earning power and capacity.

25.     As a result of her injuries, Plaintiff, Helen Hoey, may have sustained a permanent diminution of the ability to enjoy life and life's pleasures.

26.     As a result of her injuries, Plaintiff, Helen Hoey, has incurred and may continue to incur medical expenses and income losses.

WHEREFORE, Plaintiff, Helen Hoey, respectfully requests judgment of Defendants, David C. Brown, Administrator of the Estate of Brian K. Viviani, Deceased, to include exemplary and punitive damages, in an amount exceeding Twenty Five Thousand ($25,000.00) Dollars.

Respectfully submitted,

**OGG, MURPHY & PERKOSKY, PC**

Gary J. Ogg, Esquire
David Kennedy Houck, Esquire
Eve M. Elsen

*Counsel for Plaintiff*

## VERIFICATION

I, HELEN HOEY, hereby swear and affirm that I am the Plaintiff in the within action, and that the facts contained in the Complaint in Civil Action are true and correct to the best of my information, knowledge and belief. I understand that false statements herein are made subject to the penalties of 18 Pa. C.S. Section 4904 relating to unsworn falsification to authorities.

Helen Hoey

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the within Complaint in Civil Action was served upon the following this __26__ day of ~~June~~ July 2013 via First Class US Mail, postage pre-paid, addressed as follows:

David C. Brown, Esquire
227 First Street
Aspinwall, PA 15215

Gary J. Ogg, Esquire
David Kennedy Houck, Esquire
Eve M. Elsen, Esquire

*Counsel for Plaintiff*

## RELEASE OF ALL CLAIMS

FOR AND IN CONSIDERATION OF the payment to me the sum of SIX HUNDRED THOUSAND DOLLARS AND 00 /100 ($600,000.00), I, HELEN HOEY, being of lawful age, have released and discharged and by these presents do for myself, my heirs, executors, administrators and assigns, release, acquit and forever discharge PATRICK M. CONNELLY, ADMINISTRATOR, ESTATE OF BRYAN K. VIVIANI, DECEASED and any and all other persons, firms and corporations ("Releasees") of and from any and all actions, causes of action, claims or demands for damages, punitive damages, costs, court costs, loss of use, loss of services, loss of consortium, expenses, compensation, consequential damage any other thing whatsoever on account of, or in any way growing out of, any and all known and unknown personal injuries, death or property damage resulting or to result from the motor vehicle accident that occurred on March 21, 2011 (accident) as alleged in a lawsuit filed at GD-13-004894 in the Court of Common Pleas of Allegheny County, Pennsylvania.

I hereby acknowledge and assume all risk, chance or hazard that the said injuries and damages may be or become permanent, progressive, greater or more extensive than is now known, anticipated or expected. No promise or inducement which is not herein expressed has been made to me, and in executing this Release I do not rely upon any statement or representation made by any person, firm or corporation, hereby released, or any agent, physician, doctor or any other person representing them or concerning the nature, extent or duration of said damages or losses or the legal liability therefore. I further agree that I have consulted with my attorney, and my attorney has fully explained the terms of this Release to me.

I agree to cooperate fully and execute any and all supplementary documents, including, but not limited to, those documents necessary to settle and discontinue the court docket at

{R0528651.1 }



GD-13-004894, Court of Common Pleas of Allegheny County, Pennsylvania and to take all additional actions which may be necessary or appropriate to give full force and effect to the basic terms and intent of this Release.

I understand that this settlement is the compromise of a disputed claim, and that the payment is not to be construed as an admission of liability on the part of the persons, firms and corporations hereby released by whom liability is expressly denied. I further agree that this Release shall not be pleaded by me as a bar to any claim or suit.

This Release in no way serves to settle, extinguish or resolve the rights of Helen Hoey to pursue claims for underinsured or uninsured motorist benefits, health insurance benefits and/or medical insurance benefits with respect to the accident.

I further agree that by execution of this Release, the Releasees shall not be required to make any further payment to me or to any other parties, person, firms, corporations or entities by reason of the injuries or damages sustained by me, and I hereby agree to indemnify and hold forever harmless Releasees from any and all further payments of any kind, to any other parties by reason of the injury and consequences thereof sustained by me in conjunction with the incidents in a manner that is consistent with the Release terms.

This indemnification is specifically intended to indemnify Releasees with respect to claims by medical providers and insurers, including but not limited to, workers' compensation insurers, Medicare and Medicaid, Department of Public Welfare and any health care insurers, relating to any liens which exist or may exist in the future.

If it should appear or be adjudicated in any suit that Releasees are liable to any other parties, persons and/or entities for indemnification or contribution for the injuries, illnesses, conditions or damages sustained by me, in order to save Releasees harmless, as further

consideration for the total payment of Six Hundred Thousand Dollars and 00/100 ($600,000.00) described above, I will satisfy any decree, judgment, verdict or award in which there is such a finding or adjudication involving Releasees to the extent of the liability of the Releasees for indemnity or contribution, if there is proven any liability for indemnity or contribution.

I further agree that each party hereto shall bear all attorneys' fees and costs (including, but not limited to, docket costs) arising from the actions of its own counsel in connection with the operative Complaint/pleading, this Release of All Claims, and the matters and documents referred to herein.

This release contains the ENTIRE AGREEMENT between the parties hereto, and the terms of this release are contractual and not a mere recital.

I further state that I have carefully read the foregoing release and know the contents thereof, and I sign the same as my own free act.

WITNESS my hand and seal this ___19___ day of ____Mar____, 2016.

### CAUTION! READ BEFORE SIGNING

WITNESSES:

_____          _____
                                    Helen Hoey

DATED: ___10-19-16___

{R0628651.1}

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the within Complaint for Contribution was served upon the following this 23rd day of January, 2017 by electronic mail.

Miles Kirshner, Esquire
mkirshner@margolisedelstein.com
Margolis Edelstein
525 William Penn Place
Suite 3300
Pittsburgh, PA 15219
Attorney for Defendant, the Stone Mansion
Restaurant

Joshua R. Guthridge, Esquire
*Counsel for Plaintiff Encompass Insurance*
*Company of America*