IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ENCOMPASS INSURANCE COMPANY,   CIVIL DIVISION

No. 2:17-cv-00125-AJS

    Plaintiff,

  v.

STONE MANSION RESTAURANT,
INCORPORATED,

    Defendant.

**MEMORANDUM OF LAW IN SUPPORT OF
ENCOMPASS' MOTION FOR REMAND**

**I. FACTUAL BACKGROUND**

This case arises out of a claim for contribution pursuant to Pennsylvania law regarding a single vehicle automobile accident that occurred on March 20, 2011. (Compl., generally) Following the accident, Helen Hoey ("Hoey"), a passenger in the vehicle operated by Brian K. Viviani ("Viviani"), filed a lawsuit against Brian Viviani's Estate ("Viviani's Estate")[1], claiming that the negligence of Viviani caused the accident. (Compl., § E). Viviani was intoxicated at the time of the accident. (Compl., ¶ 21). Prior to the accident, Viviani was sold, furnished, or otherwise provided alcohol by employees, servants, and agents of the Stone Mansion until he became intoxicated and, continuing thereafter while he was visibly intoxicated. (Compl. ¶ 39). As such, the Stone Mansion is a joint tortfeasor with Viviani under Pennsylvania law. (Compl. ¶ 46). Plaintiff, Encompass Insurance Company ("Encompass"), made a payment to Hoey on behalf of Viviani's

---

[1] Viviani died as a result of injuries sustained in the accident.

Estate to settle all claims as a result of an automobile accident on March 20, 2011. (Compl. ¶¶ 34-35). Encompass forever discharged all parties potentially responsible for the accident, including the Stone Mansion. (Compl. ¶ 35.)

Prior to commencing this action, Encompass' counsel contacted the Stone Mansion to determine if the case could be amicably resolved without resorting to litigation. QBE Insurance, the liquor liability insurer for the Stone Mansion, would not discuss an amicable resolution and turned this matter over to Attorney Miles Kirshner at Margolis Edelstein. Attorney Kirshner notified Encompass' counsel that he represented the Stone Mansion and asked that he be contacted prior to Plaintiff serving the Complaint. (12/15/16 e-mail correspondence, **Exhibit A**). Encompass asked if the Stone Mansion's counsel would accept service on behalf of the Stone Mansion. (12/15/16 e-mail correspondence, **Exhibit B**). The Stone Mansion's counsel responded on December 21, 2016 that "I will be authorized to accept service of process for Stone Mansion Properties." (12/21/16 e-mail correspondence, **Exhibit C**.) Indeed, the Stone Mansion acknowledges in the Notice of Removal that "counsel for Stone Mansion agreed to accept service of process on behalf of Stone Mansion." (ECF No. 1, ¶ 7). Encompass' counsel confirmed that counsel would accept service by means of electronic mail. (12/21/16 e-mail correspondence, **Exhibit D**).

On January 23, 2017, Plaintiff filed its Complaint for Contribution and immediately forwarded the same to the Stone Mansion's counsel along with an acceptance of service. (e-mail correspondence, **Exhibit E**). At that time, the Court had not yet issued a docket number. The Stone Mansion's counsel advised that he would "hold the acceptance of service until [he] get[s] the docket number. (1/24/17 e-mail correspondence, **Exhibit F**). The same day, Plaintiff received a docket number from the Court of Common Pleas of Allegheny County and immediately forwarded it to the Stone Mansion's counsel. (1/24/17 e-mail correspondence,

**Exhibit G**).  Having not received the acceptance of service from counsel, the Encompass' counsel followed up with the Stone Mansion's counsel on January 26, 2017.  The Stone Mansion's counsel responded that he had not executed the Acceptance of Service because he intended to remove this case to Federal Court and executing the Acceptance of Service as he previously agreed to do would preclude him from removing his case.  (1/26/17 e-mail correspondence, **Exhibit H**).

For all the reasons set forth below, removal in this case was improper.  Encompass respectfully requests this Court to remand this case back to the Court of Common Pleas of Allegheny County and to order the Stone Mansion to pay Encompass' actual expenses, including attorney fees, incurred as a result of the improper removal.

II.  **STANDARD OF REVIEW**

[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). The forum defendant rule prevents removal of a diversity "civil action ... if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2).  The removing party bears a heavy burden to show, at all stages of the litigation, that the case is properly before the federal court. *See Packard v. Provident Nat'l Bank,* 994 F.2d 1039, 1045 (3d Cir.1993). The Court will strictly construe the removal statutes and resolve all doubts in favor of remand. *Brown v. JEVIC,* 575 F.3d 322, 326 (3d Cir.2009).

The Stone Mansion Restaurant, Incorporated (the "Stone Mansion"), as the removing party, has the burden of establishing federal jurisdiction. See *Abels v. State Farm Fire & Cas.*

*Co.*, 770 F.2d 26, 29 (3d Cir.1985) (citing *Pullman Co. v. Jenkins*, 305 U.S. 534, 537, 59 S.Ct. 347, 83 L.Ed. 334 (1939)). "Because lack of jurisdiction would make any decree in the case void and the continuation of the litigation in federal court futile, the removal statute should be strictly construed and all doubts resolved in favor of remand." *Johnson v. SmithKline Beecham Corp.*, 724 F.3d 337, 346 (3d Cir.2013) (quoting *Brown v. Francis*, 75 F.3d 860, 86465 (3d Cir.1996)). "If the court determines that it lacks federal subject matter jurisdiction, then remand is mandatory." *Apoian v. Am. Home Prods., Corp.*, 108 F.Supp.2d 454, 455 (E.D.Pa.2000); *Allen v. GlaxoSmithKline PLC*, 2008 WL 2247067, at *2 (E.D. Pa. May 30, 2008).

**III. DISCUSSION**

There is a restriction on the removal of diversity cases known as the "forum defendant rule." Pursuant to this rule, set forth in 28 U.S.C. § 1441(b), removal is improper if the defendant is a citizen of the state in which the suit is originally filed. *Korea Exchange Bank, New York Branch v. Trackwise Sales Corp.*, 66 F.3d 46, 48 (3d Cir.1995). Pursuant to § 1441(b), a case can be removed on the basis of diversity jurisdiction "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." The purpose of diversity jurisdiction is to avoid prejudice against out-of-state defendants. See *McSparran v. Weist,* 402 F.2d 867, 876 (3d Cir.1968). Historically, out-of-state defendants feared that local courts would be biased against them, and a federal forum was viewed as a solution to the possible bias. See 13B Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3601 (2d ed.1987). "The need for such protection [from local bias] is absent, however, in cases where the defendant is a citizen of the state in which the case is brought." *Lively v. Wild Oats Mkts., Inc.,* 456 F.3d 933, 939 (9th Cir.2006). Therefore, the forum defendant rule prohibits removal when at least one defendant is

a citizen of the forum state, because in that situation, the rationale for diversity jurisdiction no longer exists. With an in-state defendant, the likelihood of local bias is reduced, if not eliminated, and removal to a federal forum is not warranted. *See Dresser Indus., Inc. v. Underwriters at Lloyd's of London,* 106 F.3d 494, 499 (3d Cir.1997). Under 28 U.S.C. § 1447(c), a plaintiff may remand an action to state court if removal was "procedurally defective." *Snider v. Sterling Airways, Inc.*, 2013 WL 159813, at *1 (E.D.Pa. Jan. 15, 2013). A removal is procedurally defective if, *inter alia*, it violates the "forum defendant rule."

There is no dispute in this case that the Stone Mansion, the only defendant, is a citizen of Pennsylvania. (See ECF Doc. No. 1, ¶ 4). Pursuant to § 1441 (b)(2) removal is not available. The Stone Mansion's removal is procedurally defective. 28 U.S.C. § 1447(c) provides:

> (c) A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. ***An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.*** A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case.

28 U.S.C. § 1447(c). Under § 1447, this Court should remand this case back to the Court of Common Pleas of Allegheny County where it was originally filed. Additionally, pursuant to § 1447, this Court should order the Stone Mansion to pay Encompass' actual expenses, including attorney fees, as a result of the removal.

In their Notice of Removal, the Stone Mansion argues that "because the Plaintiff's Complaint . . . has not been served on the Stone Mansion, their notice is "timely." Encompass does not dispute that the timeliness of the Notice. Rather, Encompass sets forth the reasons why the Stone Mansion's removal was procedurally defective. Any argument that removal was

proper in this case flies in the face of (1) the case law interpreting the statutes at issue, (2) Congress's intent in enacting § 1441, and (3) the expressed agreement reached between counsel regarding service.

      A.      **The case law interpreting § 1441.**

In an action removed to federal court under 28 U.S.C. § 1441, the removing party bears the burden of showing that there is federal subject matter jurisdiction. *Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir.2004); *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir.1990). Removal statutes are strictly construed against removal and all doubts are to be resolved in favor of remand. *Entrekin v. Fisher Scientific, Inc.*, 146 F.Supp.2d 594, 604 (3d Cir.2001); *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir.1992); *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir.1987). Federal law dictates that "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(d) (2006).

     28 U.S.C § 1446(b)(1) provides:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446. In *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 119 S.Ct. 1322, 143 L.Ed.2d 448 (1999), the Supreme Court interpreted § 1446(b)(1) to mean that "a named defendant's time to remove is triggered by simultaneous service of the summons and complaint ... but not by mere receipt of the complaint unattended by any formal service." 526 U.S. at 347–48. It follows that, in order to prevent expansion of a defendant's 30 day time period

to remove in the absence of statutory authorization to do so, a defendant may not remove upon "mere receipt of the complaint unattended by any formal service." See *id.* at 348.

28 U.S.C. § 1441(b) provides "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title ***may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.***" 28 U.S.C. 1441. There is no dispute in this case that the Stone Mansion, the only defendant, is a citizen of Pennsylvania. (See ECF Doc. No. 1, ¶ 4). The Stone Mansion may not remove based on the mere receipt of the Complaint unattended by formal service. Of course, the Stone Mansion has agreed to accept service. Pursuant to § 1441(b), the Stone Mansion, as a resident of Pennsylvania, cannot remove this action to the District Court for the Western District of Pennsylvania. This Court should remand the case back to the Court of Common Pleas of Allegheny County, Pennsylvania and order the Stone Mansion to pay Encompass' actual expenses, including attorney fees, incurred as a result of the defective removal.

B. **Congress's intent**

Congress intended the Federal rules to limit removal from the state to federal courts. *American Fire & Casualty Co. v. Finn*, 341 U.S. 6, 10 (1951) (noting that an "important [Congressional] purpose [of the 1948 revision of the Federal Rules of Civil Procedure] was to limit removal from state courts"). Federal "removal statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand." *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir.1987). In *Brown v. Francis*, 75 F.3d 860 (3d Cir.1996), the Third Circuit interpreted "all doubts" to mean that if "there is any doubt as to the propriety of removal, [the] case should not be removed to federal court." *Id.* at 865.

Section 1441(b)(2) does not permit a defendant that has been joined and served who is a resident of the state where the action is brought to remove the action to federal court. The intent

behind the "joined and served" requirement of 28 U.S.C. 1441(b) was to avoid gamesmanship by preventing plaintiffs from joining forum defendants merely to preclude federal jurisdiction. *Allen v. GlaxoSmithKline PLC, No.* 2008 WL 2247067, at *4 (E.D. Pa. May 30, 2008). Given this intent, it would be especially absurd to interpret the same "joined and served" requirement to actually condone a similar kind of gamesmanship from defendants-removing before service, in order to later claim federal jurisdiction, for lack of proper service. *Id.*

As shown above, Congress intended the joined and served requirement of §1441 to prevent plaintiffs from joining but failing to serve a defendant with the sole purpose of precluding federal jurisdiction. This did not happen in this case. There is only one defendant, the Stone Mansion. Encompass did not join the Stone Mansion for the sole purpose of precluding federal jurisdiction. Rather, the Stone Mansion is the sole defendant who owes contribution to Encompass under Pennsylvania law based on its clear liability. In the words of the District Court for the Eastern District of Pennsylvania, it would be absurd to condone the Stone Mansion's gamesmanship and to permit removal solely because the Stone Mansion has not yet been served. Of note, the only reason the Stone Mansion has not been served is that it agreed to accept service and then failed to follow through with its agreement. To reward the Stone Mansion for misleading Encompass would be to reward the exact type of gamesmanship that Congress attempted to avoid in enacting § 1441. If the Court were to permit removal in this case, Defendants would race to the courthouse to remove cases to Federal Court before they could be served by the plaintiff. This would be in direct opposition of Congress's intent that the Federal rules limit removal from the state to federal courts. This Court should remand this case to back to the Court of Common Pleas of Allegheny County where it was originally filed and order the
{R0655597.1 }

payment of Encompass' actual expenses, including attorney fees, incurred as a result of the defective removal.

C. **Agreement of counsel**

Prior to commencing this action, Encompass reached an agreement in writing that the Stone Mansion would accept service. Indeed, the Stone Mansion even acknowledges in the Notice of Removal that "counsel for Stone Mansion agreed to accept service of process on behalf of Stone Mansion." (ECF No. 1, ¶ 7). It appears that the Stone Mansion only reached this agreement so that Encompass would not serve the Stone Mansion so that it could argue that removal was proper because it had not been served. This Court should not permit this type of gamesmanship. The law is clear that removal is not available to the Stone Mansion. This Court should not permit the Stone Mansion to remove based upon a fraudulent agreement that was entered into for the sole purpose of delaying service. This Court should remand this case to back to the Court of Common Pleas of Allegheny County where it was originally filed and order the payment of Encompass' actual expenses, including attorney fees, incurred as a result of the removal.

## IV. CONCLUSION

For all the foregoing reasons, pursuant to § 1447, this Court should remand this case back to the Court of Common Pleas of Allegheny County where it was originally filed. Additionally, pursuant to § 1447, this Court should order the Stone Mansion to pay Encompass' actual expenses, including attorney fees, as a result of the removal.

Respectfully Submitted,

ROBB LEONARD MULVIHILL LLP

Date: 1/30/2017

*/s/ Joshua R. Guthridge*
Joshua R. Guthridge, Esquire
*Counsel for Plaintiff Encompass Insurance Company of America*