# Joshua Guthridge

| | |
|---|---|
| **From:** | Kirshner, Miles <mkirshner@margolisedelstein.com> |
| **Sent:** | Thursday, December 15, 2016 10:29 AM |
| **To:** | Joshua Guthridge |
| **Subject:** | Re: Encompass v. Stone Mansion |

Josh:

I have been instructed to advise you that QBE Insurance, acting in its capacity as liquor liability insurer for Stone Mansion, rejects the tender of Encompass Insurance in this matter. QBE respectfully disagrees with your contention that Encompass, in its capacity as auto insurer for the allegedly intoxicated driver in this case, has a legal right to see contribution (either in its own name or in the name of its insured). QBE declines at this time to make an offer of settlement.

We hope that Encompass will reconsider and choose not to file suit in this matter, but recognize your direct statement of intention to do so. I am not at this moment authorized to accept service of any Complaint, but should we get to that point, please contact me before serving Stone Mansion directly. Thanks for your courtesy in awaiting this response, and I am sure we will be in touch as this matter develops.

On Wed, Dec 7, 2016 at 3:13 PM, Joshua Guthridge <JGuthridge@rlmlawfirm.com> wrote:

Miles –


Thank you for the prompt response. I am happy give an extension until December 16, 2016 before I file suit.


Pennsylvania law is clear that the bar is a joint tortfeasor and that 42 Pa. C.S.A. § 8324 permits the right of contribution among joint tortfeasors. Bars that serve intoxicated patrons certainly have not been exempted from this law.


With respect to the invitation to negotiate, Encompass discharged the Stone Mansion's liability, which would have been far in excess of $600,000 in exchange for $600,000. Although liability is clear, I understand that I have a duty to present any offers to my client and will discuss any offers with them in good faith. I however will not bid against myself prior to receiving an offer.


I look forward to hearing from you next week.


Thank you,

*Joshua R Guthridge* | 412.281.5431 (p)

**Robb Leonard Mulvihill, LLP**

**From:** Kirshner, Miles [mailto:mkirshner@margolisedelstein.com]
**Sent:** Wednesday, December 07, 2016 2:39 PM
**To:** Joshua Guthridge
**Subject:** Encompass v. Stone Mansion

Mr. Guthridge:

Receipt of your letter of December 6 is acknowledged. This will also confirm that we have been retained to represent Stone Mansion Properties in this matter.

In response to your inquiry, be advised I do have an initial strategy session planned with our client's insurer early next week, at which time we will be discussing the response to Encompass' claim for contribution. If you are willing to do so, I ask that you forebear filing suit until December 16, in order to permit us to consult on this matter and respond in a responsible fashion.

In thinking through our response, I do note the unusual nature of this case as a contribution claim. While I am not ready to deny that an auto insurer which pays an auto negligence claim might have a right of contribution against a liquor licensee, I am not seeing in my research any case law or statute that expressly supports this. Accordingly, I inquire informally if you are aware of any case law or other authority which supports your client's right to pursue a private civil action under the Liquor Code, against a licensee for service of alcohol to an individual who is alleged to have been visibly intoxicated.

Second, I note that this is a contribution claim. Is it your position that Encompass is entitled to reimbursement of the entire $600,000 paid to the claimant, or that our client shares liability with the initial tortfeasor in some percentage. Is there an invitation to enter into a negotiation as to the extent of the contribution which may be offered.

These are only preliminary questions. I will appreciate any response you are willing to offer, but in any event, will contact you again following our initial consultation with our client's insurer.

--



## Miles Kirshner, Esq.
office: 412-355-4962 fax: 412-642-2380

mobile: 412-414-3294

email: mkirshner@margolisedelstein.com

Visit us at www.margolisedelstein.com
Attorney Profile: Miles A. Kirshner

Margolis Edelstein
525 William Penn Place
Suite 3300
Pittsburgh, PA 15219

Serving all of DE, NJ, PA and WV

CONFIDENTIALITY NOTICE: This e-mail message is intended only for the personal and confidential use of the intended recipients. This message may contain privileged attorney-client communication.  If you have received this message in error, any review or dissemination is strictly prohibited.  Please notify us immediately by e-mail and delete the original message.

---

This e-mail transmission and any attachments are confidential and protected by the attorney-client privilege and/or attorney work product doctrine. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any review, disclosure, copying, dissemination or use of any information contained in, or attachments to this e-mail is strictly prohibited. If you have received this transmission in error, please notify the sender by replying to this message and delete it from your system. Thank you.

--



## Miles Kirshner, Esq.
office: 412-355-4962 fax: 412-642-2380

mobile: 412-414-3294
email: mkirshner@margolisedelstein.com
Visit us at www.margolisedelstein.com
Attorney Profile: Miles A. Kirshner

Margolis Edelstein
525 William Penn Place
Suite 3300
Pittsburgh, PA 15219

Serving all of DE, NJ, PA and WV

CONFIDENTIALITY NOTICE: This e-mail message is intended only for the personal and confidential use of the intended recipients. This message may contain privileged attorney-client communication.  If you have received this message in error, any review or dissemination is strictly prohibited.  Please notify us immediately by e-mail and delete the original message.