IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ENCOMPASS INSURANCE COMPANY,

    Plaintiff,       17cv0125
                            ELECTRONICALLY FILED

        v.

STONE MANSION RESTAURANT,
INCORPORATED,

    Defendant.

**MEMORANDUM ORDER**

Before the Court is Plaintiff's Motion to Remand. Doc. no. 3. Plaintiff filed an accompanying brief (doc. no. 4) and Defendant filed a Response in Opposition to the Motion to Remand (doc. no. 9) to which Plaintiff filed a Reply. Doc. no. 11. The matter is now ripe for adjudication. Plaintiff's Motion to Remand (doc. no. 4) will be denied for the reasons set forth in greater detail.

    **I.**     **Standard of Review**

By statute, a defendant has the right to remove a civil action from state court if the case could have been brought originally in federal court. 28 U.S.C. § 1441(a); *see also*, *In re Briscoe*, 448 F.3d 201, 215 (3d Cir. 2006). For a removal predicated upon diversity of citizenship, a proper exercise of federal jurisdiction requires satisfaction of the amount in controversy requirement as well as complete diversity between the parties, that is, every plaintiff must be of diverse state citizenship from every defendant. *Id.*, *citing Grand Union Supermarkets of the Virgin Islands, Inc. v. H.E. Lockhart Mgmt., Inc.*, 316 F.3d 408, 410 (3d Cir. 2003).

## II.     Background

This case is essentially a subrogation matter.  Plaintiff is an insurance carrier which paid $600,000.00 on a personal injury claim.  Plaintiff's insured was the cause of one-car motor vehicle accident which left the insured dead and the passenger injured.  After paying $600,000.00 to the injured party, Plaintiff attempted to recover some of the $600,000.00 from Defendant claiming that Defendant was responsible for the cause of the accident.

Prior to filing a lawsuit in the Court of Common Pleas of Allegheny County in the Commonwealth of Pennsylvania, Plaintiff, through his counsel attempted to resolve this subrogation matter amicably – meaning without filing a lawsuit.  Defendant's counsel and Plaintiff's counsel communicated via email, before and after Plaintiff's Complaint was filed in state court.  See doc. no. 1-2 (Complaint filed in the Court of Common Pleas of Allegheny County) and doc. nos. 4-1 through 4-8 (email correspondence between now opposing counsel).  The majority of the correspondence between the two attorneys after the Complaint was filed in state court primarily concerned service of process.  See doc. nos. 4-3 to 4-8.

It is indisputable from the email correspondence that counsel for Defendant agreed to accept service of the Complaint on behalf of his client, and even agreed to do so via electronic proof of filing.  After agreeing to accept service but prior to actually doing so, counsel for Defendant notified counsel for Plaintiff that he would be removing this matter to Federal Court in the Western District of Pennsylvania, and only after doing so, would he accept service.  Doc. no. 4-8

Stated another way, despite the promises and assurances Defendant's counsel gave to Plaintiff's counsel indicating that he would accept service of the state court Complaint, Defendant's counsel did not do so until after he removed the case to this Court.[1]

### III. Discussion

Defendant filed its Notice of Removal (doc. no. 1) and alleged that this Court had jurisdiction over this matter based upon diversity. This Court has original jurisdiction over matters when the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different States. 28 U.S.C. § 1332 (a)(1).

There is no dispute between the parties that this matter concerns an amount in controversy in excess of $75,000.00, and that Plaintiff and Defendant are citizens of different states. The only issue before the Court concerns Defendant's counsel's written agreement to accept electronic service of the Complaint on his client's behalf, followed by Defendant's counsel's written notice that service would not be accepted until after the case was removed to Federal Court.

Plaintiff argues that the "forum defendant rule" prevents the removal of this particular matter to Federal Court because Defendant is a citizen of Pennsylvania, and Pennsylvania was the state forum where the original lawsuit was filed. Defendant disagrees with this argument.

The removal of a civil action from state to Federal Court is governed by 28 U.S.C. § 1441, which reads in pertinent part, "(b) Removal based on diversity of citizenship. . . . (2) A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." As noted above, despite his

---

[1] The Court highlights this fact, because not accepting service prior to removal is germane to the Court's determination on the removal issue. However, the Court also notes that it does not condone this conduct between and among legal practitioners here, in the Western District of Pennsylvania.

promise, Defendant's counsel did not accept service of Plaintiff's Complaint until after he filed a Notice of Removal. Thus, the "forum defendant rule" as set forth in 28 U.S.C. § 1441(b) is inapplicable here.

**IV.    Conclusion**

The Motion to Remand will be denied because Defendant had not accepted service prior to filing a Notice of Removal. Thus, 28 U.S.C. § 1441(b) will not preclude the removal of this action to this Court.

**ORDER OF COURT**

AND NOW, this 9th day of February, 2017, the Court hereby **DENIES** Plaintiff's Motion to Remand (doc. no. 3).

> s/ Arthur J. Schwab
> Arthur J. Schwab
> United States District Judge

cc:     All ECF counsel of record