IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ENCOMPASS INSURANCE COMPANY,

    Plaintiff,

        v.

STONE MANSION RESTAURANT,
INCORPORATED,

    Defendant.

17cv0125
ELECTRONICALLY FILED

**MEMORANDUM ORDER**

Before the Court is Plaintiff's Motion for Reconsideration of this Court's Order Granting Defendant's Motion to Dismiss. See doc. no. 18.

**I.    Standard of Review**

The purpose of a Motion for Reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. *Howard Hess Dental Laboratories Inc. v. Dentsply Intern., Inc.*, 602 F.3d 237, 251 (3d Cir. 2010), citing *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). Generally, a Motion for Reconsideration will only be granted on one of the following three grounds: (1) if there has been an intervening change in controlling law; (2) if new evidence, which was not previously available, has become available; or (3) if it is necessary to correct a clear error of law or to prevent manifest injustice. See, *Howard Hess Dental,* 602 F.3d at 251, citing *Max's Seafood Café by Lou Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

A Court may not grant a Motion for Reconsideration when the motion simply restyles or rehashes issues previously presented. *Pahler v. City of Wilkes Barre*, 207 F.Supp.2d 341, 355

(M.D. Pa. 2001); see also *Carroll v. Manning*, 414 Fed. Appx. 396, 398 (3d Cir. 2011) (affirming denial of "motion for reconsideration and 'petition' in support thereof appears to merely reiterate the allegations made in the . . . petition and does not set forth any basis justifying reconsideration."); and *Grigorian v. Attorney General of U.S.*, 282 Fed. Appx. 180, 182 (3d Cir. 2008) (affirming denial of Motion to Reconsider because it "does nothing more than reiterate the arguments underlying his motion to reinstate the appeal.").

A Motion for Reconsideration "addresses only factual and legal matters that the Court may have overlooked . . . . It is improper on a motion for reconsideration to ask the Court to rethink what [it] had already thought through rightly or wrongly." *Glendon Energy Co. v. Borough of Glendon*, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993) (internal citation and quotes omitted). Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly. *Rossi v. Schlarbaum*, 600 F.Supp.2d 650, 670 (E.D. Pa. 2009).

**II.    Discussion**

Returning to the three bases upon which a Motion for Reconsideration may be granted, Plaintiff ("Encompass") does not argue that there has been an intervening change in controlling law, nor does it present any new evidence, not previously available, alleging new evidence has become available. See doc. no. 18 and 19. Rather, Plaintiff argues that this Court should reconsider its prior Order (doc. no. 17) dismissing this case in order to correct a clear error of law or to prevent manifest injustice. Id. More specifically, Encompass claims that this Court improperly considered a provision in Pennsylvania's Dram Shop Act, arguing that the Court should have instead relied upon Pennsylvania's Uniform Contribution Among Tortfeasors Act ("UCATA"). Id. The Court's reliance upon the Dram Shop Act provided the Court with its

basis upon which Defendant's ("Stone Mansion's") Motion to Dismiss (doc. no. 7) was granted. See the Court's Memorandum Opinion, doc. no. 16.

First and foremost, Encompass' Motion for Reconsideration will be denied because none of the three grounds established in *Max's Seafood* exist. As noted above, Encompass did not argue that there has been an intervening change in controlling law, nor did it present any new evidence, not previously available. Moreover, the Court finds that no "clear error of law" nor "manifest injustice" was created in its prior Opinion and Order (doc. nos. 16 and 17, respectively), which now requires correction.

Encompass' Brief in Support of its Motion for Reconsideration merely reargues that which it previously argued: Pennsylvania's UCATA renders Stone Mansion a joint tortfeasor, because Section 4-497 of the Dram Shop Act renders Stone Mansion liable for Hoey's injuries. See doc. no. 19, p. 2. The Court disagreed with this position as stated in it its Memorandum Opinion. See doc. no. 16.

Second, the Court's position set forth in its original Opinion (doc. no. 16), which is self-explanatory, acknowledged the existence and operation of Pennsylvania's UCATA, unlike Encompass' claim in its current Motion for Reconsideration. Encompass filed its lawsuit claiming it had a right to recover from its insured's (Viviani's) joint tortfeasor, namely Stone Mansion. Encompass predicated (and continues to predicate) Stone Mansion's liability upon the Stone Mansion's status as liquor licensee.[1] Pennsylvania's Dram Shop Act contains a provision (Section 4-497) which outlines to whom, and what circumstances must exist, before a liquor licensee will be held negligent *per se* for serving alcohol to a customer. This provision *limits* a liquor licensee's liability, whereas Encompass' argument sought to *expand* a licensee's liability.

---

[1] "Encompass only cited to the Dram Shop Act to establish that the Stone Mansion is jointly or severally liable in tort for the same injury to demonstrate Stone Mansion's status as a joint tortfeasor." Encompass Brief in Support of its Motion for Reconsideration, doc. no. 19, p. 2.

In its prior Memorandum Opinion, this Court granted Stone Mansion's Motion to Dismiss refusing to expand the Dram Shop Act's Section 4-497 so as to render Stone Mansion liable <u>to Viviani/Encompass</u> for Hoey's injuries.

### III. Conclusion

Based on the foregoing law and authority Encompass' Motion for Reconsideration (doc. no. 18) will be denied.

**ORDER OF COURT**

AND NOW, this 22nd day of February, 2017, the Court DENIES Plaintiff-Encompass' Motion for Reconsideration. Doc. no. 18.

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: All Registered ECF Counsel and Parties