IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ENCOMPASS INSURANCE COMPANY,

        Plaintiff,                       17cv0125
                                            ELECTRONICALLY FILED
        v.

STONE MANSION RESTAURANT,
INCORPORATED,

        Defendant.

**ORDER OF COURT**

     Before the Court is a Motion for Reconsideration and/or Clarification filed by Encompass insurance Company and its Memorandum of Law in Support of same. ECF 33 and ECF 34. Stone Mansion filed a Response to same. ECF __. The Court will GRANT IN PART and DENY IN PART Encompass' Motion. The Court will deny the portion of Encompass' Motion seeking reconsideration, as the Court finds is not legally appropriate; however, it will Encompass' request for clarification.

     The purpose of a Motion for Reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. *Howard Hess Dental Laboratories Inc. v. Dentsply Intern., Inc.*, 602 F.3d 237, 251 (3d Cir. 2010), citing *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). Generally, a Motion for Reconsideration will only be granted on one of the following three grounds: (1) if there has been an intervening change in controlling law; (2) if new evidence, which was not previously available, has become available; or (3) if it is necessary to correct a clear error of law or to prevent manifest injustice. See *Howard Hess Dental,* 602 F.3d at 251, citing *Max's Seafood Café by Lou Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

A court may not grant a Motion for Reconsideration when the motion simply restyles or rehashes issues previously presented. *Pahler v. City of Wilkes Barre*, 207 F.Supp.2d 341, 355 (M.D. Pa. 2001); see also *Carroll v. Manning*, 414 Fed. Appx. 396, 398 (3d Cir. 2011) (affirming denial of "motion for reconsideration and 'petition' in support thereof appears to merely reiterate the allegations made in the . . . petition and does not set forth any basis justifying reconsideration."); and *Grigorian v. Attorney General of U.S.*, 282 Fed. Appx. 180, 182 (3d Cir. 2008) (affirming denial of Motion to Reconsider because it "does nothing more than reiterate the arguments underlying his motion to reinstate the appeal.").

A Motion for Reconsideration "addresses only factual and legal matters that the Court may have overlooked . . . . It is improper on a motion for reconsideration to ask the Court to rethink what [it] had already thought through rightly or wrongly." *Glendon Energy Co. v. Borough of Glendon*, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993) (internal citation and quotes omitted). Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly. *Rossi v. Schlarbaum*, 600 F.Supp.2d 650, 670 (E.D. Pa. 2009).

Based on the above-cited case law, Encompasses' Motion for Reconsideration is denied.

Turning to the portion of the Motion requesting clarification, Encompass has requested that this Court explain the "limited discovery" which the Court is permitting.

First and foremost, Encompass stated in its Memorandum in Support of its Motion (ECF 34):

> Encompass understands and accepts that it will need to prove that that Stone Mansion and Viviani were joint tortfeasors with respect the automobile accident on March 21, 2011. To that end, Encompass has served Interrogatories, Requests for Admissions, and Requests for the

> Production of Documents on Stone Mansion. Depositions will be scheduled as soon as possible.
>
> \* \* \*
>
> The right of contribution may be asserted during the original proceeding via joinder of a third-party defendant or it may be pursued in a separate action brought by a tortfeasor who has previously been held liable to the original plaintiff. *National Liberty Life Ins. Co. v. Kling Partnership*, 504 A.2d 1273, 1279 (Pa. Super. 1986). In the latter instance, the party seeking contribution must stand in the shoes of that original plaintiff and prove that the new defendant was a joint tortfeasor in that his tortious conduct also caused the harm at issue. *Mattia v. Sears, Roebuck & Co.*, 531 A.2d 789, 791 (Pa. Super. 1987). In *Oviatt*, the Pennsylvania Superior Court determined that a tortfeasor who settles an injured party's claims can seek contribution from its alleged joint tortfeasors. *Oviatt*, 583 A.2d at 1223.
>
> \* \* \*
>
> There is no dispute that liability must be determined. However, the determination of liability is not a "threshold requirement." Well settled Pennsylvania law permits determination of liability in a separate action for contribution.

ECF 34.

Although Encompass has a right to <u>seek</u> contribution through this proceeding per the United States Court of Appeals' decision in this case (*Encompass Ins. Co. v. Stone Mansion Rest. Inc.,* 902 F.3d 147, 155 (3d Cir. 2018), *reh'g denied* (Sept. 17, 2018)) and per *Oviatt*, a Pennsylvania Supreme Court case cited by both this Court (ECF 30) and Encompass (ECF 34), it still bears a burden of proof.[1]  To meet its burden, this Court allowed for limited discovery.

Thus, for clarification purposes, there are two ways for Encompass (per *National Liberty*), to obtain contribution from a third-party.  The first method – asserting its right to

---

[1] This Court stated in its original opinion, "Thus, this Court may award contribution to Encompass, but only after Encompass, who bears the burden of proof, proves that it is entitled to such equitable relief. In order to do this, Encompass must prove that Stone Mansion is a tortfeasor whose liability has been determined, and therefore, by operation of UCATA, Stone Mansion must bear its *pro rata* share of liability."  ECF 29, p. 7.

contribution during the original proceeding – is now foreclosed to Encompass because the State Court denied Stone Mansion's joinder. This leaves Encompass' pursuit through this lawsuit – a separate action. Typically, this type of action is brought by the actual tortfeasor (in this case, Mr. Viviani, who died in the accident, so more specifically. Mr. Viviani's estate), because it was Viviani who was previously deemed liable to the original plaintiff (Ms. Hoey). Although Encompass is not the tortfeasor, it insured the tortfeasor, Mr. Viviani, and paid to settle Ms. Hoey's claim against Mr. Viviani. Thus, Encompass gets a second bite at the contribution apple, having been precluded from joining Stone Mansion in the underlying State Court action (see Motion for Leave to Join Additional Defendant, filed 9/19/2014 at GD-13-004894), to prove Stone Mansion was liable as a joint tortfeasor in the underlying claim.

It is clear from that Encompass' Memorandum that interpreted this Court's statement that Encompass was entitled to "limited discovery" with respect to "prior determinations of liability" pertaining to Stone Mansion. [ECF 34](), p. 6. This Court has repeatedly acknowledged that Stone Mansion was not part of the prior litigation and thus to think that this Court was referencing a "prior determination of [Stone Mansion's] liability" seems out of place. However, to clarify the "limited discovery" matter, this Court notes that Encompass may perform type of discovery it appears to be conducting, *i.e.* "Encompass has served Interrogatories, Requests for Admissions, and Requests for the Production of Documents on Stone Mansion [and] [d]epositions will be scheduled as soon as possible." [ECF 34](), p. 2-3. Hopefully, with this clarification, Encompass can now rest assured that its current discovery requests are, in fact, proper ones.[2]

---

[2] Again, this Court previously stated, "[t]he Parties are encouraged to focus on developing evidence based on the foregoing analysis. For example, Encompass will bear the burden of showing how the insured and Stone Mansion were joint tortfeasors in the underlying action such that Encompass is entitled to an equitable remedy under its claim for contribution. Thus, Encompass will need to adduce evidence supporting these legal conclusions." [ECF 29](), p. 8.

As for Encompass' lengthy recitation of the statute of limitations pertaining to the law contribution, this Court finds nothing to clarify as the Court never raised, nor even suggested, that the statute of limitations may bar to Encompass' claim. See ECF 29. Thus, there is nothing for this Court to clarify related to the statute of limitations.

**SO ORDERED, this 16th day of January 2019,**

s/ Arthur J. Schwab
United States District Judge
For the Western Distrit of Pennsylvania

cc: All counsel of record