IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ENCOMPASS INSURANCE COMPANY,

      Plaintiff,                    17cv0125
                                      ELECTRONICALLY FILED
      v.

STONE MANSION RESTAURANT,
INCORPORATED,

      Defendant.

**MEMORANDUM ORDER**

Before the Court is Defendant's Motion for Summary Judgment (ECF 71), Brief in Support (ECF 74), and its Concise Statement of Facts (ECF 72). Plaintiff filed a Brief in Opposition (ECF 75), and Defendant filed a Reply Brief (ECF 78). The matter is now ripe for adjudication. For the following reasons set forth below, the Court will deny Defendant's Motion for Summary Judgment.

Because the Court writes primarily for the Parties and recently wrote an Opinion denying Plaintiff's Motion for Summary Judgment (ECF 64), the relevant factual and procedural history will not be recited herein.

**I. Standard of Review**

Summary judgment may be granted if, drawing all inferences in favor of the non-moving party, "the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Melrose, Inc. v. City of Pittsburgh*, 613 F.3d 380, 387 (3d Cir. 2010).

A fact is "material" if proof of its existence or non-existence might affect the outcome of the suit under applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *see also Lamont v. New Jersey*, 637 F.3d 177, 181 (3d Cir. 2011). Disputes must be both: (1) material, meaning concerning facts that will affect the outcome of the issue under substantive law, and (2) genuine, meaning there is sufficient evidence supporting the claimed factual dispute "to require a jury or judge to resolve the parties' differing versions of the truth at trial." *In re Lemington Home for Aged*, 659 F.3d 282, 290 (3d Cir. 2011).

A party moving for summary judgment has the initial burden of supporting its assertion that fact(s) cannot be genuinely disputed by citing to particular parts of materials in the record – *i.e.*, depositions, documents, affidavits, stipulations, or other materials – or by showing that: (1) the materials cited by the non-moving party do not establish the presence of a genuine dispute, or (2) that the non-moving party cannot produce admissible evidence to support its fact(s). Fed. R. Civ. P. 56(c)(1). The moving party may discharge its burden by "pointing out to the district court" the "absence of evidence to support the nonmoving party's case" when the nonmoving party bears the ultimate burden of proof for the claim in question. *Conoshenti v. Public Service Elec. & Gas Co*, 364 F.3d 135, 140 (3d Cir. 2004), quoting *Singletary v. Pennsylvania Dept. of Corrections*, 266 F.3d 186, 192 n. 2 (3d Cir. 2001), quoting Celotex, 477 U.S. 317, 325 (1986).

Conversely, in order to defeat a motion for summary judgment, the non-moving party must support its assertion that fact(s) are genuinely disputed by citing to particular parts of materials in the record, or by showing that: (1) the materials cited by the moving party do not establish the absence of a genuine dispute, or (2) the moving party cannot produce admissible evidence to support its fact(s). Fed. R. Civ. P. 56(c)(1). When determining whether there are

any genuine issues of material fact, all inferences should be drawn in favor of the non-moving party. *Berckeley Inv. Group, Ltd. v. Colkitt*, 455 F.3d 195, 201 (3d Cir. 2006).

In reviewing a motion for summary judgment, the Court does not make credibility determinations, and summary judgment is "inappropriate when a case will turn on credibility determinations." *El v. Southeastern Pennsylvania Transp. Authority*, 479 F.3d 232 (3d Cir. 2007), citing *Anderson*, 477 U.S. at 255.

**II. Discussion**

Defendant makes three arguments in support of its contention that summary judgment should be entered in its favor: (1) Defendant did not serve Vivani liquor at a time when Viviani appeared visibly intoxicated; (2) Plaintiff voluntarily settled the underclaim advanced by Hoey's estate against Viviani; and (3) the doctrine of laches bars Plaintiff from pursuing this matter. The Court will briefly address each of these arguments.

First, as its Brief indicates, Plaintiff relies (in part) on an expert toxicologist who opines as to when Viviani would have consumed enough alcohol to possess a BAC of 0.177% at the time of the accident. Plaintiff also claims there is circumstantial evidence of Viviani's inebriated state while he was present at the Defendant's bar. Defendant claims the expert failed to consider that Viviani -- like others at the party, including Hoey -- were being supplied with alcohol from other patrons, and not just Defendant's bartender(s). Thus, the Defendant's bartender(s) may never have served Viviani while he was visibly intoxicated. Rather, other attendees at the photo shoot may have given one or more drinks to Viviani. Thus, the question of who served Viviani appears to be unresolved, is material to the matter, and is a question of fact for a jury to determine. Accordingly, this Court will not enter summary judgment on this issue.

Next, there also appears to be a question of fact as to whether Plaintiff voluntarily paid

Hoey's estate a sum of $600,000.00, or if Plaintiff was obligated to do so under the terms of its insurance policy with its insured (the automobile owner who gave his car to Viviani so that Viviani could perform work on the car). Plaintiff asserts that Viviani and the automobile owner were friends. Important to this case is the fact that Viviani was given the automobile by its owner so Viviani could work on the car, but Plaintiff claims that the owner never restricted Viviani from using the vehicle while it was his (Viviani's) possession. However, in an earlier filed declaratory judgment action, Plaintiff sought a determination as to whether it owed coverage given that Viviani's use of the vehicle on the night in question was outside the scope of a permissive use of the vehicle. Again, whether Viviani was permitted to use the vehicle on the night in question for the purpose that he used the vehicle is a question for the jury which may impact the legal issue of whether Plaintiff made a voluntary payment to Hoey's estate. As such, the Court will not enter summary judgment on this matter.

Finally, Defendant argues that the Doctrine of Laches applies to this case. This Court disagrees with Defendant. "Latches conceptualizes the inequity which may adhere when a stale claim is permitted to be enforced." *Gruca v. United States Steel Corporation*, 495 F. 2d. 1252, 1258 (3d Cir. 1974). To prevail under this doctrine, Defendant must show that "plaintiff [slept] on his rights for a period of time greater than the applicable statute of limitations," and then the burden shifts to Plaintiff requiring him to "prove his delay was excusable and that it did not . . . prejudice the defendant." *Gruca*, at 1259. In the immediate case, the six-year statute of limitations for contribution had not passed by the time Plaintiff filed the instant lawsuit. As Plaintiff notes, the six-year statute of limitation began to run on the day Plaintiff paid $600,000.00 to Hoey – which was on October 19, 2016. This lawsuit for contribution was initiated by Plaintiff on January 26, 2017, well within the statutory limit. Thus, the doctrine of

4

laches does not apply, and summary judgment will not be granted on this basis.

**III. Conclusion**

Because none of Defendant's arguments support summary judgment in Defendant's favor, the Motion will be denied.

AND NOW, this 27th day of June, 2019, the Court DENIES Defendant's Motion for Summary Judgment.

                                        s/Arthur J. Schwab
                                        Arthur J. Schwab
                                        United States District Judge

cc:     All Registered ECF Counsel and Parties